UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| JOHN A. LABBAN, | : | CASE NO. 1:20CV2367 |
| Plaintiff, | : |  |
| vs. | : | ORDER DENYING MOTION TO REMAND [Doc. No. 5.] |
| KEVIN M. MAHON, | : |  |
| Defendant. | : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This is a removed *pro se* case. Plaintiff John A. Labban filed his complaint against defendant Kevin M. Mahon in the Lorain County Court of Common Pleas, alleging libel and defamation of character. (*See* Doc. No. 1-1; *John A. Labban v. Kevin M. Mahon*, Case No. 20CV201808 (Lorain Cty. Ct. of Comm. Pls.).) The plaintiff alleges he was terminated from his employment because the defendant "tagged" the plaintiff's employer in a tweet the plaintiff made on Twitter on June 21, 2020. (Doc. No. 1-2 at 2, ¶ 3; at 3, ¶ 6.)

On October 16, 2020, the defendant removed the case to federal court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity of citizenship under 28 U.S.C. § 1332(a). (Doc. No. 1.) The plaintiff's state-court pleading indicates that he is a resident of Arizona and the defendant is a resident of Ohio. (Doc. No. 1-1 at 14.) Additionally, in his complaint, the plaintiff seeks damages in excess of $75,000. (*See id.* at 16-17, ¶¶ 1-5.)

On November 7, 2020, the plaintiff filed a motion to remand the action to state court. (Doc. No. 5.) But the plaintiff's motion confirms that the requirements for diversity jurisdiction exist. In his motion, the plaintiff asserts that the matter in controversy exceeds the sum or value of $75,000 exclusive of costs and interests and represents that he and the defendant are residents and

Case No.1:20-cv-02367
Gwin, J.

citizens of different states. (*See* Doc. No. 5-1 at 2, ¶ 6.) Although the plaintiff asserts "there is no set dollar amount" for actions filed in state court (*id.* at ¶ 6(a)), that is not a basis for remand of an action.

Accordingly, because the defendant has demonstrated the requirements for removal jurisdiction based on diversity of citizenship, the plaintiff's motion to remand is denied.[1]

IT IS SO ORDERED.


Dated:   December 10, 2020                  *s/  James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[1] Although 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," the plaintiff did not assert § 1441(b)(2) as a basis for remand, and the Sixth Circuit has held that this forum-defendant exception is non-jurisdictional and waived if not raised. *See Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 511 n.2 (6th Cir. 2012) ("we have held that § 1441(b)(2) is non-jurisdictional and must be raised by the plaintiff in a motion to remand"); *RFF Family P'ship, LP v. Wasserman*, 316 F. App'x 410, 411 (6th Cir. 2009) ("The forum defendant provision is a procedural removal [limitation] that is waived if it is not raised by a timely motion to remand").