UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

―――――――――――――――――――――――――――
                                              :
JOHN A. LABBAN,                               :   CASE NO. 1:20-cv-02367
                                              :
         Plaintiff,                           :   OPINION & ORDER
                                              :   [Resolving Doc. 7]
vs.                                           :
                                              :
KEVIN M. MAHON,                               :
                                              :
         Defendant.                           :
                                              :
―――――――――――――――――――――――――――

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

*Pro se* Plaintiff John Labban sues Defendant Kevin Mahon for libel and defamation.[1] Defendant filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2]

For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

I. Background

On June 21, 2020, Plaintiff Labban published a tweet that said: "Until we beat the [shit] out of these goons unfortunately we share some of the blame for letting this happened [sic] unchecked. Sadly it's going to take killing a few of them to get the message across."[3]

Plaintiff states that his tweet was a response to a tweet that said that people left an unspecified rally "after being terrorized by Antifa & BLM." The tweet continued: "Sad that in America we are no longer able to peaceably assemble without fear of being beaten & harassed by goons sent by Dems."[4]

―――――――――――
[1] Doc. 1-1.
[2] Doc. 7 at 1.
[3] Doc. 7-1.
[4] Doc. 10 at 4.

Case No. 1:20-cv-02367
GWIN, J.

Plaintiff alleges that Defendant Mahon, and possibly another Twitter user, tagged Plaintiff's then-employer, Quicken Loans, alerting Quicken Loans to Labban's tweet.[5]

On June 23, 2020, a Quicken Loans human resources specialist called Plaintiff Labban to discuss his tweets. Plaintiff explains that he provided the specialist with the context for the tweet that he felt was not communicated in the tweet itself.[6] On June 29, 2020, Quicken Loans nonetheless fired Plaintiff because of the "nature of an online post."[7]

## II. Discussion

### a. Motion to Dismiss Standard

Defendant moves to dismiss for failure to state a claim upon which relief can be granted.[8] When ruling on a 12(b)(6) motion, the court considers the facts in the light most favorable to the non-moving party—here, Plaintiff Labban.[9] To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10] Plaintiff's alleged facts must plausibly support his legal claim.

---

[5] Doc. 1-1 at 15. Plaintiff also asserts that Defendant "falsely stated that [Plaintiff] 'liked to kill people.'" *Id.* It is not clear if this statement refers to Defendant's tweet stating, "So this guy thinks killing people is the right answer now…." *Id.* at 8.
[6] *Id.* at 15–16.
[7] *Id.* at 16.
[8] Fed. R. Civ. Pro. 12(b)(6).
[9] *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 246 (6th Cir. 2012).
[10] *Id.* at 247 (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

Case No. 1:20-cv-02367
GWIN, J.

The Court relies on the pleadings, but may also consider exhibits attached to the pleadings, the motion to dismiss, and other record items.[11]

Plaintiff is also *pro se*. *Pro se* pleadings are liberally construed and held to less-strict standards than counsel-drafted pleadings.[12]

Still, Defendant is entitled to dismissal, even allowing these considerations.

### b. Plaintiff's Libel and Defamation Claim

Under Ohio law, to establish a claim of libel, a form of defamation, a Plaintiff must show that (1) Defendant made a false statement; (2) the statement was defamatory; (3) the statement was published; (4) "plaintiff suffered injury as a proximate result of the publication;" and (5) Defendant "acted with the requisite degree of fault in publishing the statement."[13]

To begin, Plaintiff does not explain how Defendant published a false, defamatory statement. Plaintiff claims that Defendant tagged his former employer in a tweet.[14] But Plaintiff does not indicate how Defendant allegedly tagged his employer or how tagging constitutes a false, defamatory statement.[15] For example, Plaintiff does not show that Defendant replied to Plaintiff's tweet and included Quicken Loans' handle to "tag" them.

---

[11] *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).
[12] *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").
[13] *Am. Chem. Soc. v. Leadscope, Inc.*, 978 N.E.2d 832, 853 (Ohio 2012) (citing *Pollock v. Rashid,* 690 N.E.2d 903, 908 (Ohio 1996)).
[14] Doc. 1-1 at 15.
[15] *See id.* at 8–10; Doc. 10 at 2–5.

Case No. 1:20-cv-02367
GWIN, J.

Again, Plaintiff does not provide any convincing theory for how replying to *Plaintiff's own* tweet can be construed as publishing a false statement.

Plaintiff may be referring to a screenshot of Defendant's tweet where Defendant posted a picture of Plaintiff's original tweet. Defendant commented, "So this guy thinks killing people is the right answer now...."[16] The screenshot does not indicate if or how Defendant tagged Quicken Loans.

It is not clear which statement Plaintiff claims is defamatory. More importantly, however, Plaintiff's claim cannot survive a motion to dismiss because of proximate cause.

Plaintiff cannot establish that Defendant's tweet or tagging proximately caused his firing. Proximate cause of an event in tort cases—here, Labban's firing—means "that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which that event would not have occurred."[17]

Even if Defendant Mahon's tagging was the reason Quicken Loans was aware of the Plaintiff's post, Mahon's post or its alleged falseness were not the reason that Quicken Loans fired Plaintiff.

According to Plaintiff's amended complaint, Quicken Loans' human resource representative told Plaintiff that "executives reviewed [his] social media posts and had concerns these were 'violent in nature.'"[18] Quicken Loans said that it fired Plaintiff because of the "nature of an online post."[19] Further, Plaintiff states that he was fired even though he explained the context of his post and his disability to Quicken Loans' human resources

---

[16] Doc. 1-1 at 8; Doc. 7 at 3.
[17] *Aiken v. Indus. Comm'n*, 53 N.E.2d 1018, 1020 (Ohio 1994).
[18] Doc. 1-1 at 15.
[19] *Id.* at 16.

Case No. 1:20-cv-02367
GWIN, J.

representative.[20] Plaintiff's own pleadings indicate that it was his Twitter posts, rather than any Defendant allegedly false or defamatory statement, that led to his firing.

Plaintiff's arguments that his tweet was a defensive response to aggression by other parties is not persuasive here.[21] Plaintiff's citations to the USA Patriot Act are not applicable in this tort action and do not negate the Federal Rules of Civil Procedure. In a defamation claim, the key question is whether a defendant's false and defamatory statement caused a plaintiff harm. Here, Plaintiff's pleadings show that his own tweets led to his firing.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's suit for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

Dated: January 7, 2021         *s/    James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[20] *Id.* at 15.
[21] Doc. 10 at 3, 8, 9, 11, 13.

- 5 -